**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DORIS CHILDS<br><br>                    Plaintiff,<br><br>        v.<br><br>AMEDISYS NEW JERSEY, LLC; AMEDISYS HOSPICE, LLC; COMPASSIONATE CARE HOSPICE OF MARLTON, LLC, COMPASSIONATE CARE HOSPICE GROUP, INC.; and JOHN DOES,<br><br>                    Defendants. | Civil Action No.: 1:19-cv-19622<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendants Amedisys New Jersey, L.L.C., Amedisys Hospice L.L.C., Compassionate Care Hospice of Marlton, L.L.C., and Compassionate Care Hospice Group, Inc. (collectively "Defendants"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, submits this Notice of Removal of this action from the Superior Court of New Jersey, Law Division, Burlington County to the United States District Court for the District of New Jersey. The grounds for removal are:

      1.      On or about September 27, 2019, Plaintiff, Doris Childs ("Plaintiff"), filed a one-count Complaint in the Superior Court of New Jersey, Law Division, Burlington County, captioned: *Doris Childs v. Amedisys New Jersey L.L.C., et al.,* Civil Action No. BUR-L-2045-19 (the "State Court Action"). In the State Court Action, Plaintiff alleges that Defendants violated the New Jersey Law Against Discrimination ("NJLAD") by discriminating against her on the basis of her sex/gender identity. *See* State Court Complaint, attached hereto as Exhibit A, ¶¶ 6-8.

      2.      Plaintiff served Defendants with Plaintiff's Complaint on October 2, 2019. *See* Affidavits of Service, attached hereto as Exhibit B. Thus, Defendants are filing this Notice of

Removal within 30 days of the first day of service pursuant to 28 U.S.C. § 1446(b) and, therefore, is timely.

## This Court Possesses Diversity Jurisdiction

3. This Court possesses diversity jurisdiction over this matter. Removal based on federal diversity jurisdiction requires that the parties be of diverse citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is determined at the time of removal. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

4. Here, Plaintiff clearly alleges in her Complaint that she resides in the State of New Jersey. *See* State Court Complaint, p. 1. Thus, there is complete diversity amongst the parties if all of the Defendants are not "citizens" of the State of New Jersey. As establish below, Amedisys New Jersey, L.L.C., Amedisys Hospice L.L.C., Compassionate Care Hospice of Marlton, L.L.C., and Compassionate Care Hospice Group, Inc. are not "citizens" of the State of New Jersey.

5. For purposes of diversity jurisdiction, it is well-settled in the Third Circuit that a limited liability company maintains the citizenship of the state or states of which its members are citizens. *See Lincoln Ben. Life co. v. AEI Life, L.L.C.*, 800 F.3d 99, 105 (3d Cir. 2015) ("The state of organization and the principal place of business of an unincorporated association are legally irrelevant. 'Accordingly, the citizenship of an LLC is determined by the citizenship of its members.'" (*quoting Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

6. First, Amedisys New Jersey, L.L.C. is a limited liability company formed under the laws of the State of New Jersey, whose sole member is "Amedisys Holding, L.L.C." *See*

2

New Jersey Secretary of State Business Filing, attached hereto as Exhibit C.  Amedisys Holding, L.L.C. is a Louisiana limited liability company, whose sole member is "Amedisys, Inc. (A Delaware Corporation)."  *See* Louisiana Secretary of State Business Filing, attached hereto as Exhibit D.  Amedisys, Inc. (A Delaware Corporation) is incorporated in Delaware and has its principal place of business in Baton Rouge, Louisiana.  *See* Louisiana Secretary of State Business Filing, attached hereto as Exhibit E.  Thus, for purposes of diversity jurisdiction, Amedisys New Jersey, L.L.C., which has the citizenship of its sole member (i.e., Amedisys Holding, L.L.C., which has the citizenship of its sole member, Amedisys, Inc. (A Delaware Corporation)), is a citizen of Delaware and Louisiana.

7.   Second, Amedisys Hospice, L.L.C. is a limited liability company formed under the laws of the State of Louisiana, whose sole member is "Amedisys Holding, L.L.C."  *See* Louisiana Secretary of State Business Filing, attached hereto as Exhibit F.  Amedisys Holding, L.L.C. is a Louisiana limited liability company, whose sole member is "Amedisys, Inc. (A Delaware Corporation)."  *See* Exhibit D.  Amedisys, Inc. (A Delaware Corporation) is incorporated in Delaware and has its principal place of business in Baton Rouge, Louisiana.  *See* Exhibit E.  Thus, for purposes of diversity jurisdiction, Amedisys Hospice, L.L.C., which has the citizenship of its sole member (i.e., Amedisys Holding, L.L.C., which has the citizenship of its sole member, Amedisys, Inc., (A Delaware Corporation)), is a citizen of Delaware and Louisiana.

8.   Third, Compassionate Care Hospice of Marlton, L.L.C. is a limited liability company formed under the laws of the State of New Jersey, whose sole member is "Compassionate Care Hospice Group, Inc".  *See* Affidavit of Michael Ewing ("Ewing Aff."), attached hereto as Exhibit G, at ¶ 5.  Compassionate Care Hospice Group, Inc. is incorporated in

Florida and has its principal place of business in Baton Rouge, Louisiana. *See Id.* at ¶ 4; *see also* Florida Secretary of State Business Filing, attached hereto as Exhibit H. Thus, for purposes of diversity jurisdiction, Compassionate Care Hospice of Marlton, L.L.C., which has the citizenship of its sole member (i.e., Compassionate Care Hospice Group, Inc.), is a citizen of Florida and Louisiana.

9. Finally, Compassionate Care Hospice Group, Inc. is a corporation and is incorporated in Florida and has its principal place of business in Baton Rouge, Louisiana. *See* Exhibit H. Thus, for purposes of diversity jurisdiction, Compassionate Care Hospice, Inc. is a citizen of Florida and Louisiana.

10. Further, the fictitiously named John Doe(s) in Plaintiff's Complaint do not destroy complete diversity. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely "nominal" parties may be disregarded."). Plaintiff's Complaint does not contain any allegations has to who the John Doe(s) are and how they are at all related to the allegations in Plaintiff's Complaint or how they took any alleged action against Plaintiff and therefore their citizenship can be disregarded. *See Fronczkiewicz v. Magellan Health Services, Inc.*, No. 11-07542, 2012 WL 12903862 (D.N.J. Jan. 19, 2012) ("Plaintiff's failure to articulate any substantive conduct or plead any identifying information whatsoever yields her inclusion of John Does 1–50 and Jane Does 1–50 irrelevant for purposes of determining diversity jurisdiction.").

11. Because Plaintiff is a New Jersey citizen and Defendants are citizens of Delaware, Louisiana, and Florida, there is complete diversity amongst the Parties.

12. Having established the Parties are completely diverse, the only remaining question is whether it is established, by a preponderance of the evidence, that more than $75,000

is at stake. In this case, the damages sought by Plaintiff in her Complaint make clear that the putative amount in controversy far exceeds the $75,000 threshold.[1]

13. Specifically, in her Complaint, Plaintiff seeks "economic losses," which is presumably lost wages, and: (1) compensatory damages; (2) punitive damages; (3) attorneys' fees; (4) and costs. *See* State Court Complaint, ¶ 8 and Prayer for Relief.

14. At the time of her employment ended, Plaintiff earned approximately $31,325 per year, or roughly $603 per week. Plaintiff's employment with Defendants ended on March 26, 2019. As of October 29, 2019, approximately 31 weeks have passed since Plaintiff's employment ended. Thus, assuming Plaintiff did not receive any overtime, raises or bonuses, her unmitigated back pay damages as of October 29, 2019, alone would be approximately $18,693 ($603 per week * 31 weeks). According to the Civil Court Management Statistics,[2] the median time for a civil trial to reach trial in the District of New Jersey is 47.9 months. Thus, by the time this case reaches trial, Plaintiff's putative unmitigated back pay is likely to be an additional $125,300 ($31,325 per year * 4 years), making her total ostensible back pay award approximately $143,993 ($125,300 + $18,693). *See, e.g., Shupe v. Asplundh Tree Expert Co.,* 566 Fed. Appx. 476, 479 (6th Cir. 2014) (stating that it is appropriate to consider back pay beyond the time of removal when a plaintiff seeks an award for back pay that includes future accruals). This number, which is alone greater than the $75,000 threshold, does not include any ostensible lost benefits or putative front pay award. With these undetermined amounts, it is clear that Plaintiff's back pay, front pay, and lost benefits damages are likely in excess of $75,000 alone

---

[1] Defendants do not concede or admit, in any fashion, that any claims for such amount, or any amounts, have legal or factual merit, and reserve all rights and defenses to such claims.
[2] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2019.pdf (October 23, 2019)

15.     Plaintiff also seeks "compensatory damages" for losses and injuries she has purportedly sustained.  While Plaintiff does not affix a monetary amount to these alleged damages, she does allege that she "sustained significant damages, including economic loss, pecuniary loss, emotional distress, and other damages all to her great detriment and loss."  *See* State Court Complaint, ¶ 8.  Thus, in light of Plaintiff allegedly suffering "significant damages," among other injuries, her claim for compensatory damages could exceed $75,000 or more on its own.  *See e.g., Lach v. Briar Hill at Machester*, No. OCNL-00257-15, JVR No. 1807260009, 2018 WL 3584052 (N.J. Super. L. 2018).   In fact, Plaintiff has not otherwise limited or curtailed her putative claim to compensatory damages, at all.

16.     Plaintiff also seeks an award of "attorney's fees."  Because fees are recoverable under Plaintiff's statutory claims for relief, Plaintiff's putative entitlement to a fee award should be considered in determining the amount in controversy.  *See, e.g., Missouri State Life Ins., Co. v. Jones,* 290 U.S. 199, 202 (1933) (holding that where a state statute provides for the award of attorney's fees, those fees can be considered as part of the amount in controversy for the purpose of determining federal diversity jurisdiction); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (same).  Assuming Plaintiff's attorney bills an hourly rate of $200 per hour and expends 200 hours litigating this case through trial, a modest estimate, she will have accumulated $40,000 in fees.  Thus, this amount too will take this case well above the $75,000 threshold.

17.     Finally, Plaintiff also seeks punitive damages.  *See* State Court Complaint, "Prayer for Relief."   Although Defendants deny that such damages are appropriate, any ostensible award for punitive damages only further underscores the fact that the $75,000 threshold for diversity jurisdiction in this case is clearly met.  *See Raspa v. Home Depot*, 533

6

F.Supp.2d 514, 522 (D.N.J.2007) (noting that "a request for punitive damages will generally satisfy the amount in controversy requirement" (citation and internal quotation marks omitted)).

18. Thus, based upon a preponderance of the evidence considering all the combined damages Plaintiff seeks, there is little dispute that the amount in controversy exceeds the statutory requirement for federal jurisdiction.

### This Matter Should Proceed in the U.S. District Court for the District of New Jersey

19. Based upon Plaintiff's Complaint and the preceding facts, this cause of action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

20. Furthermore, removal is proper to the United States District Court for the District of New Jersey because this federal district encompasses Burlington County where Plaintiff originally filed the State Court Action. Plaintiff allegedly resides in Burlington County, which is also located in this federal district. *See* State Court Complaint, p. 1.

21. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants in this case consent to the removal of the State Court Action to this Court.

22. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto at Exhibit A and B.

23. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of New Jersey, Law Division, Monmouth County and is being served upon Plaintiff's counsel of record.

**WHEREFORE,** Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, the Defendants hereby respectfully remove this action from the Superior Court of New Jersey, Law Division, Burlington County to the United States District Court for the District of New Jersey

| | |
|---|---|
| Dated:  October 31, 2019 | Respectfully submitted, |

**AMEDISYS NEW JERSEY L.L.C.;
AMEDISYS HOSPICE L.L.C.;
COMPASSIONATE CARE HOSPICE
OF MARLTON, L.L.C.; AND
COMPASSIONATE CARE HOSPICE
GROUP, INC.**

<u>s/ Rosemary S. Gousman</u>

Rosemary S. Gousman (NJ Bar No. 016351980)
**FISHER & PHILLIPS LLP**
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
Fax: (908) 516-1051
E-mail:  rgousman@fisherphillips.com